IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | | |
|---|---|---|
| CHAND WIJE | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. G-04-464 |
| | § | |
| UNIVERSITY OF TEXAS MEDICAL | § | |
| BRANCH AT GALVESTON, ET AL. | § | |

## REPORT AND RECOMMENDATION

Before the Court is the "Motion for Summary Judgments" of Defendants University of Texas Medical Branch at Galveston (UTMB), Christine S. Benham, Jay S. Howell, and Cynthia S. Hodskins.  Many of the claims asserted in this cause by Plaintiff, Chand Wije, have been previously dismissed and the four remaining Defendants now seek summary judgment as to the remaining claims.  After a careful review of the Parties' submissions, this Court now submits this Report and Recommendation to the District Court.

## RELEVANT FACTS

In 2000, UTMB created its Office of Institutional Analysis (OIA), a small department of seven employees, to research, collect data and provide reports to UTMB employees.  Benham was hired as the Director of the OIA.  As Director, Benham hired the remaining OIA employees, including Wije, who was hired on November 20, 2000.  Wije was the only Institutional Research Analyst in the office.  After a time, Benham became unhappy with Wije's performance.  She criticized his work, gave him poor evaluations and even assigned the Manager/Assistant Director, Jay Howell, to monitor Wije's work and report to her on a weekly basis.  Ultimately, Benham

required Wije to prepare and submit an action plan designed to improve his performance.  When Wije failed to timely submit the plan Benham terminated him on July 11, 2002.

According to Wije, Benham developed a prejudice against him within a month of his employment and began a 19 month long effort to justify his firing.  After being fired Wije filed his charge of discrimination with the Texas Commission on Human Rights on September 25, 2002.[1]  His charge was dismissed on May 6, 2004, and Wije exercised his right to sue by filing this action, *pro se*, on July 22, 2004.

## TITLE VII CLAIMS

### Discrimination

Wije filed his charge of discrimination on September 25, 2002, therefore, the Defendants argue that any alleged discriminatory acts which occurred before November 29, 2001, are barred by the 300-day limitation period.  Wije argues that the earlier acts are actionable under the continuing violation doctrine; however, he makes no effort to explain how that doctrine could apply to his facts.

Courts have utilized the theory of a continuing violation in certain exceptional circumstances.  This equitable exception arises where the alleged employment actions evolve into an unlawful practice over a period of time.  Waltman v. International Paper Co., 875 F.2d 468, 474 (5th Cir. 1989)   When the continuing violation exception applies, "(t)he focus is on what event, in fairness and logic, should have alerted the average lay person to protect his rights." Glass v. Petro-Tex Chemical Corp., 757 F.2d 1554, 1561 (5th Cir. 1985)   Although Wije alleges that

---

[1]    The Parties accept this as the filing date, therefore, the Court will also do so.

Benham, the person who actually hired him, immediately began discriminating against him, the alleged scheme manifested itself in discrete employment actions taken by Benham and culminated in the discrete act of his termination.  Under these circumstances, the continuing violation theory does not apply.  Cf. <u>Celestine v. Petroleos De Venezuella</u>, 266 f.3d 343, 352 (5th Cir. 2001) Consequently, all alleged discriminatory acts which occurred before November 29, 2004, are time-barred.

Wije's only Title VII claims not time-barred are his claim of being placed under Howell's monitoring; his claim that Benham's action plan was improper; and his claim of unlawful termination.  The Defendants' alleged legitimate non-discrimiantory reason for each of these actions is Wije's poor job performance which Wije argues is merely a pre-text for discrmination.  However, a close examination of Wije's response to the Motion for Summary Jdugment fails to support his assertion.  In a nutshell, Wije begins with the premise that he is a highly competent research analyst whose abilities had never before been questioned.  From that premise he concludes that every critizism of his job performance is unfounded and, therefore, part of a conspiracy to discrmination against him on the basis of his race, sex, national origin, and/or age.  First, except for his subjective assessement, Wije has not offered probative evidence that the reasons given for his termination is false.  <u>Walton v. Bisco Industries</u>, 119 F.3d 368 (5th Cir. 1997) (Discrimination laws are not vehicles for judical second-guessing of business decisions)  Second,  Wije's subjective belief of a discriminatory animus, however sincerly held, is not, alone, sufficient to constitutue a submissible issue on pretext.  <u>Auguster v. Vermillion Parish School Board</u>, 249 F.3d 400, 403 (5th Cir. 2001)

Retaliation

It is incredibly difficult to decipher Wije's response, but is seems that his retaliation claim is based upon his perception of increasingly adverse actions taken by Benham as a result of his "opposing Benham's discrimination-mixed yet innocent-looking actions." The opposition took the forms of refusing Benham's order to sign documents related to a sexual harassment complaint; seeking clarification of Benham's bad job assessments; resisting completion of an unwarranted action plan required by Benham in an effort to improve his job performance; and requesting documents to help him support his complaints of Benham's supervisory decisions. This activity, Wije argues, is "protected activity" which will support a retaliation claim. This Court disagrees.

It is perfectly legal for a supervisor to make bad, unpopular and even wrong non-discriminatory decisions. To qualify as protected activity, Wije must show that his opposition was to practices of Benham which are unlawful under Title VII. Long v. Eastfield College, 88 F.3d 300, 304 (5th Cir. 1996)   None of the actions he attributes to Benham, whether justified or not, are unlawful under Title VII. But even if any of them were, Wije has no probative evidence that they were pre-textual. All he has are his subjective suspicions, which are not confident summary judgment evidence. Forsyth v. Barr, 19 F.3d 1527, 1533 (5th Cir. 1994)   At best. Wije's evidence, if believed, may allow an inference that Benham disliked Wije; however, evidence of mere dislike is not enough to prove pretext. Grimes v. Texas Department of Mental Health & Retardation, 102 F.3d 137, 143 (5th Cir. 1996)   Moreover, Wije admits he engaged in conduct in protest of his perceived unlawful treatment. This Circuit has long recognized that some conduct, even though engaged in with the most sincere intentions, may be so inappropriate as to justify the curtailment of statutorily-afforded safeguards. Jones v. Flagship Int'l., 793 F.2d 714,

4

727 (5th Cir. 1986)    If an employee's protestations so interfere with the performance of his job that it renders him ineffective in his employment position, his conduct or form of opposition is not protected.  <u>Douglas v. Dyn McDermott Petroleum Operations Co.</u>, 144 F.3d 364, 373 (5th Cir. 1998)    Wije's conduct included, *inter alia*, his failure to follow the demands of his supervisor and create a plan of action to improve his job performance; such conduct, under these circumstances, is not protected.  Clearly, much of the period of Wije's employment at the OIA was unpleasant for him, but an employee is not entitled to a pleasant job experience, just a non-discriminatory one.

## EQUAL PAY ACT

Wije claims that he was paid less than two female co-workers in violation of the Equal Pay Act.  In order to prevail on this claim, Wije must prove, *inter alia*, that he performed work in a job requiring equal responsibilities as those of his female co-workers.  If Wije fails to create a fact issue with probative evidence on this component of his claim, summary judgment is appropriate. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986) (A complete failure of proof on an essential element of the nonmovant's case renders all other facts immaterial.)

A comparison of the relevant jobs belies Wije's claim.  Defendant Benham was the Director of the OIA.  Her job duties and responsibilities were as follows:

- Coordinate IA activities to ensure compliance with accreditation & UT System Guidelines.

- Work collaboratively to collect data, disseminate results, assess trends, & develop evaluation tools that support Institutional effectiveness.

- Facilitate strategic dialogue regarding Institutional issues.

5

- Manage office staff to include hiring, supervising, & developing & assessing IA employees.

- Develop long-range planning.

- Develop & maintain department budget; monitors expenditures.

- Participating & support Institutional decision making.

- Identify internal controls for department; provide mechanisms to monitor & enforce compliance.

- Perform related duties as requested.


Vickie Underwood was hired as the Manager of Operational Projects and Planning.  Her job duties and responsibilities were as follows:

- Assist the Director in developing, executing, and evaluating strategic and operational plans for the department to support institutional initiatives.

- Conduct research initiatives as they pertain to institutional research and strategic planning.

- Identify potential new areas for gathering and analyzing data on institutional activities to further the objective of the IA Office.  Make appropriate recommendations regarding the coordination of joint efforts among UTMBG components.

- Consult with academic leadership to ensure that their area accomplishments and outcomes are captured in a systematic and informative reporting process.

- Implement outcome measurements to monitor the progress and status of strategic plans.


Wije was hired as the only Institutional Research Analyst.  His job duties and responsibilities were as follows:

- Determine data requirements, data sources and data collection methods.

6

- Work with various data suppliers and develop interfaces with their data for the purpose of conducting institutional research and responding to reporting requests form the Academic Executive Council.

- Design and maintain IA data dictionary.

- Provide database development and maintenance.

- Integrate data so that a mini Fact Book can be produced.

- Train IA personnel to use databases and associated software.

Clearly, the jobs differ from one another.  Wije's self-serving opinion that the "common core tasks were the same or a significant portion of the...positions were identical" cannot, alone, create a genuine issue of material fact.  Reese v. Anderson, 926 F.2d 494, 499 (5th Cir. 1991) (Opinions on the ultimate legal issue are a textbook example of conclusions that do not satisfy the nonmovant's burden.)    Since Wije has offered no probative evidence to establish this necessary element of his Equal Pay claim, summary judgment is appropriate.

**RECOMMENDATION**

For all of the foregoing reasons, it is the **RECOMMENDATION** of this Court that the "Motion for Summary Judgment " (Instrument no. 97) of Defendants University of Texas Medical Branch at Galveston, Christine S. Benham, Jay S. Howell, and Cynthia S. Hodskins be **GRANTED** and the Complaint (Instrument no. 1) of Plaintiff, Chand Wije, be **DISMISSED in its entirety**.

The Clerk **SHALL** send copies of this Report and Recommendation to the Parties.  The Parties **SHALL** have until **May 25, 2007**, to file written objections to the Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(C).  The Objections **SHALL** be mailed and/or

7

electronically filed to the United States District Clerk, P.O. Drawer 2300, Galveston, Texas 77553.  Failure to file objections within the prescribed time shall bar an aggrieved party from attacking on appeal the factual findings and legal conclusions accepted by the District Judge, except upon grounds of plain error.

      **DONE** at Galveston, Texas, this _____4th_____ day of May, 2007.

_____
John R. Froeschner
United States Magistrate Judge

8